Case 3:08-cv-02337-IEG-AJB   Document 40   Filed 07/08/09   PageID.473   Page 1 of 5

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DATABASE STRUCTURES, INC., <br><br>                                Plaintiff, <br>   vs. <br><br> ORACLE CORPORATION, <br><br>                                Defendant. | CASE NO. 08cv2337 - IEG - AJB <br><br> Order Denying Plaintiff's Motions to Dismiss or Strike <br><br> [Doc. Nos. 32, 33, 34.] |

In this patent infringement action, plaintiff Database Structures, Inc. ("DSI") submits a Rule 12(b)(6) motion to dismiss three sections of defendant Oracle Corporation's answer: (1) the fourth affirmative defense, (2) the counterclaim, and (3) any request for relief based on allegations of inequitable conduct. [Doc. Nos. 32, 33, 34.] Alternatively, DSI moves to strike the contested sections. The parties have fully briefed this motion and the Court finds the matter amenable to disposition without oral argument. Local Civil Rule 7.1(d). Having considered the parties' arguments, the Court DENIES DSI's motions for the following reasons.

## BACKGROUND

DSI is the exclusive licensee of U.S. Patent No. 5,546,575 (the "575 patent"), entitled "Encoding Method for Compressing a Tabular Database by Selecting Effective Compression Routines for Each Field and Structure of Partitions of Equal Sized Records." Upon learning Oracle was advertising and selling a purportedly infringing product, DSI filed suit alleging patent infringement.

In its answer, Oracle asserts an its fourth affirmative defense and counterclaims for declaratory judgment based on DSI's allegedly inequitable conduct during the prosecution of the '575 patent.

1  [Doc. No. 19.] Specifically, Oracle alleges the named inventors and their attorneys failed to disclose
2  relevant prior art during the prosecution of the '575 patent. Oracle asserts the offending parties
3  intended to deceive the United States Patent and Trademark Office ("PTO").

4  In the instant motion, DSI argues dismissal is appropriate because Oracle's allegations of
5  inequitable conduct do not satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b). Oracle
6  filed an opposition and DSI filed a reply.

## LEGAL STANDARDS

### I. Motion to Dismiss

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Generally, to avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.544 (2007). However, allegations of fraud must meet the particularity requirements of Rule 9(b): "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

The court's review of a 12(b)(6) motion is limited to the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). Notwithstanding this deference, it is improper for a court to assume "the [plaintiff] can prove facts which [he or she] has not alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). Furthermore, a court need not credit conclusory legal allegations cast in the form of factual allegations, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

### II. Motion to Strike

Rule 12(f) permits the court to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are a drastic remedy and generally disfavored. 5C Wright & A. Miller, Federal Practice and Procedure §1380 (3d ed. 2004). A matter is impertinent if the statements do not pertain, and are not necessary, to the issues in question. Fantasy, Inc.v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) rev'd on other grounds 510

1  U.S. 517 (1994). "Scandalous" matters "casts a cruelly derogatory light on a party or other person."
2  In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000); see, e.g. Alvarado-
3  Morales v. Digital Equip. Corp., 843 F.2d 613 (1st Cir. 1988) (striking the terms "concentration
4  camp," "brainwashing," and "torture" in a tort case in the employment context).  "Motions to strike
5  an affirmative defenses are generally disfavored, but the court may properly grant them when the
6  defense is insufficient as a matter of law." Multimedia Patent Trust v. Microsoft Corporation, 525 F.
7  Supp. 2d 1200, 1211 (S.D. Cal. 2007).

## DISCUSSION

9  Claims of inequitable conduct fall within the strictures of Rule 9(b).  See Central Admixture
10 Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C., 482 F.3d 1347, 1356 (Fed. Cir. 2007).
11 If an inequitable conduct defense fails the particularity requirement, the Court may either strike the
12 defense pursuant to Rule 12(f) or dismiss it under Rule 12(b)(6).  Multimedia Patent Trust, 525 F.
13 Supp. at 1211.

14 i.   Parties' Arguments

15 DSI urges the Court to dismiss or strike: (1) Oracle's fourth affirmative defense; (2) all
16 allegations of inequitable conduct in the counterclaim; and (3) and all relief based on the counterclaim.
17 According to DSI, all three sections of Oracle's answer fail to meet Rule 9(b)'s heightened pleading
18 requirement because they do not identify, with particularity, the elements of the alleged inequitable
19 conduct.  Specifically, DSI argues Oracle does not allege the facts constituting misrepresentation.
20 Further, DSI maintains Oracle does not describe, with particularity, the materiality of the allegedly
21 undisclosed information.  In addition, Oracle purportedly fails to allege how any person with a duty
22 of disclosure had knowledge of the undisclosed information.  Finally, DSI argues Oracle fails to allege
23 with particularity how anyone failed to disclose the prior art to the PTO.

24 Oracle argues its inequitable conduct allegations comply with the heightened pleading
25 standards, as interpreted by the court in Multimedia Patent Trust v. Microsoft Corp., 525 F. Supp. 2d
26 1200, 1211-12 (S.D. Cal. 2007).  According to Oracle, a plaintiff need only (1) identify the individuals
27 accused of breaching a duty of candor and (2) identify the prior art allegedly withheld from the PTO.
28 Id.  Oracle argues its counterclaim specified the persons who breached their duty of candor (the named

inventors and their attorneys) and identified the two prior art references that were material and not disclosed (United States Patent Numbers 4,843,389 and 4,386,416).

ii.     Analysis

In <u>Central Admixture Pharmacy Sys.</u>, the Federal Circuit upheld a dismissal of an inequitable conduct defense. 482 F.3d at 1356. The defendant alleged "during prosecution of the . . . patent, the patentee failed to disclose all of the relevant prior art know to it" and that through "manipulation of various measurements and units, the patentee sought to mislead the Patent and Trademark Office regarding the relationship between the claimed invention and the prior art." <u>Id.</u> The Federal Circuit found these allegations failed to meet the Rule 9(b) standard because they did not "identify what relevant and undisclosed prior art was known to the patentee, what 'measurements and units' were manipulated, or how that manipulation was meant to mislead the PTO." <u>Id.</u>

In <u>Multimedia Patent Trust</u>, the Court distinguished <u>Central Admixture</u> and found the defendant's inequitable conduct allegations satisfied Rule 9(b)'s heightened pleading standard. 525 F. Supp. 2d at 1212. Specifically, the Court found the defendant properly identified the individuals accused of breaching the duty of candor and described the relevant, undisclosed prior art. <u>Id.</u>

Applying Rule 9(b), the Court finds Oracle has pled its fourth affirmative defense with sufficient particularity. Oracle specifically identifies the people who allegedly withheld the information: Basil E. Potter, Marc A. Potter, and the attorneys involved in the patent prosecution. (Answer, Doc. No. 19, at 3.) Further, Oracle specifically identified the prior art allegedly withheld from the PTO during prosecution of that patent: United States Patent Numbers 4,843,389 and 4,386,416. Finally, Oracle sufficiently alleges knowledge of the prior art and an intent to deceive, which may be alleged generally. <u>See</u> Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). Accordingly, the Court denies DSI's motion to dismiss or strike Oracle's fourth affirmative defense.

With regard to the declaratory judgment counterclaim and the requested relief based on inequitable conduct, DSI raises substantially the same arguments, and the Court similarly concludes Oracle has pled the counterclaim with sufficient particularity. Accordingly, the Court denies DSI's motion in its entirety.

**CONCLUSION**

For the foregoing reasons, the Court DENIES DSI's motion to dismiss or strike.

**IT IS SO ORDERED.**

**DATED: July 8, 2009**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**